**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No.  95-20767

---

REGINALD T. MILLER,

Plaintiff-Appellant,

and

BEN G. LEVY,

Appellant,

VERSUS

HOME DEPOT U.S.A., INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
(CA-H 94-01)

---

July 15, 1996

Before KING, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:[1]

---

[1]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except

Plaintiff Reginald T. Miller ("Miller") and his attorney, Ben G. Levy ("Levy"), appeal the district court's order granting Defendant Home Depot USA's ("Home Depot") motion for summary judgment and sanctioning Appellants pursuant to Fed. R. Civ. P. 56(g) for filing ten improperly notarized affidavits. We reverse the award of sanctions and affirm the grant of summary judgment.

BACKGROUND

Reginald T. Miller brought this suit against his former employer, Home Depot, alleging that he was terminated on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., as well as in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986. At all times, Miller was represented by Ben G. Levy. After the completion of discovery, Home Depot filed a motion for summary judgment. The district court granted summary judgment on all claims except the Title VII racial discrimination claim.

After the partial summary judgment was granted, counsel for Home Depot discovered that ten affidavits submitted by Miller in response to the motion for summary judgment had been improperly notarized. While the affiants signed their respective affidavits in Miller's presence, the affidavits were neither signed nor sworn to in the presence of a notary public. Instead, Levy's paralegal Robert Conner ("Conner"), a notary public, notarized the affidavits

_____

under the limited circumstances set forth in Local Rule 47.5.4.

2

upon Miller's word that he had witnessed the signatures. After Home Depot's attorney contacted Levy about the improper notarizations, Levy and Miller obtained properly notarized affidavits from all the affiants containing the same testimony as the original defective affidavits.

The district court held an evidentiary hearing concerning the defective affidavits and then granted summary judgment on Miller's remaining race discrimination claim. The district court determined that the improperly notarized affidavits should be stricken from the record, and without the affidavits, Miller raised no genuine issue of material fact as to the Title VII race discrimination claim. The district court rejected Miller's corrected affidavits as untimely. Additionally, the district court found that Miller and Levy acted in bad faith in filing the defective affidavits and awarded Home Depot $8792.50 under Fed. R. Civ. P. 56(g) for its fees and costs associated with responding to the affidavits. Miller and Levy now appeal.

DISCUSSION

A. Standard of Review

We review the district court's imposition of sanctions for an abuse of discretion. See Kelly v. City of Leesville, 897 F.2d 172, 176 (5th Cir. 1990) (stating that "[t]he provisions of Rule 56(g) are largely analogous [to Rule 11]"); Thomas v. Capital Security Servs., Inc., 836 F.2d 866, 873 (5th Cir. 1988) (holding that the standard of review imposed under Rule 11 is an abuse of

3

discretion).

We review a grant of summary judgment de novo, applying the same criteria used by the district court in the first instance. Blanchard v. Forrest, 71 F.3d 1163, 1166 (5th Cir.), cert. denied, 1996 WL 226894 (June 17, 1996) (No. 95-1729).  We review the facts drawing all inferences most favorable to the nonmoving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

B.  Bad Faith under Rule 56(g)

The district court sanctioned Levy and Miller pursuant to Fed. R. Civ. P. 56(g) for filing ten improperly notarized affidavits. Federal Rule of Civil Procedure 56(g) provides:

> **Affidavits Made in Bad Faith**.  Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Fed. R. Civ. P. 56 (g).  Appellants contend that the submission of the improperly notarized affidavits was merely a negligent mistake and thus did not constitute bad faith under Rule 56(g).

4

Our cases interpreting Rule 56(g) are few. We have found bad faith under Rule 56(g) when the substance of a party's summary judgment affidavit contradicts an earlier admission or sworn statement by the same party. <u>See, e.g., Modica v. United States</u>, 518 F.2d 374, 376 (5th Cir. 1975) (affirming award of costs under Rule 56(g) where store owner's affidavit stated that he had no knowledge of violations of food stamp regulations, although he had admitted such knowledge in earlier administrative proceedings). But we have not yet decided whether a defect in the form of the affidavit warrants Rule 56(g) sanctions. We need not decide that question today, however, because the evidence does not support a finding that Appellants acted in bad faith.

The district court rested its finding of bad faith largely on the suspicious testimony of Levy's paralegal, Connor. Connor testified that he notarized the affidavits upon Miller's oath that the affiants had signed the affidavits and that he believed that this procedure was "proper." The district court reasoned, "That Connor believed this was the proper procedure for notarizing an affidavit would require an enormous stretch of the imagination." We, like the district court, have no doubt that the paralegal deliberately violated the proper procedure for notarizing affidavits. However, it is the behavior of the *attorney*, Levy, not the *paralegal*, Connor, that is the focus of our inquiry. To incur sanctions under Rule 56(g), Levy must have presented the affidavits

5

to the court in bad faith.

No evidence suggests that Levy knew that the affidavits were improperly notarized before he submitted them to the court. Therefore, we must look to the Texas Disciplinary Rules of Professional Conduct to determine whether the paralegal's conduct can be imputed to Levy in this instance. Rule 5.03(a) provides that "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." TEX. DISCIPLINARY R. PROF. CONDUCT 5.03(a)(1991), *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit.G app. (Vernon Supp. 1996) (STATE BAR RULES art. X, § 9). Because Levy made reasonable efforts to assure that the affidavits were presented properly to the court, the district court erred in holding that he presented the affidavits in bad faith and thereby violated Rule 56(g).

Mr. Levy was suffering from a diabetes-related illness on the day that Miller brought the affidavits into the office for Connor to notarize. Consequently, Levy had to rely on his paralegal, who was a licensed notary public since 1980 and a formerly licensed attorney, for the notarization of the affidavits. Any notary public could notarize these affidavits without the assistance of a lawyer, and thus, Levy reasonably believed that his experienced paralegal (with over a decade of experience as a notary public)

6

would follow "customary" procedure in his absence. In addition, Levy had advised his client to make sure that the affidavits were signed by the affiants before a notary public. In his letter to the district court, Levy explained: "When I attached the affidavits to our Response to Defendant's Motion for Summary Judgment, and later filed same, I did not know that the affidavits had not been properly notarized. They appeared to be regular on their face, and I assumed that Mr. Miller followed my advice concerning the proper execution of the affidavits. . . ." No evidence suggests that Levy knew or should have known that his client misunderstood his instructions or that his experienced paralegal violated the laws governing notarization. We therefore hold that Levy acted reasonably in relying on the experience of his paralegal and in instructing his client on the proper procedure for notarizing affidavits. Accordingly, we reverse the district court's sanction order.

### C. Untimely Affidavits

The district court did not err in holding that the corrected affidavits were untimely. In this case, the corrected affidavits were submitted after the court had issued its ruling on Home Depot's original motion for summary judgment. Thus, Appellants' evidentiary submission was indeed untimely, both under Fed. R. Civ. P. 56(c), which requires affidavits in opposition to a summary judgment to be served "prior to the day of hearing," and under Fed. R. Civ. P. 6(d), which states more generally that "[w]hen a motion

7

is supported by affidavit, . . . opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."  Although Rule 6(b) allows a court, "in its discretion," to extend any filing deadline "for cause shown," a post-deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect."  See Lucan v. National Wildlife Federation, 497 U.S. 871, 896 (1990).  Here, Appellants made no motion for extension nor any showing of "cause."  We therefore hold that the district court did not abuse its discretion in excluding the affidavits as untimely filed.[2]

                            CONCLUSION

For the foregoing reasons, we reverse the district court's award of sanctions and affirm the grant of summary judgment to Home Depot.

---

[2]Appellants' brief presents no argument in support of the assertion that, even if the district court was within its discretion in striking the ten improperly notarized affidavits as a sanction, the six remaining properly notarized affidavits raise genuine issues of material fact regarding the racial discrimination claim.  "We need not consider issues or arguments not raised in the appellant's brief."  Pan E. Exploration Co. v. Hufo Oils, 855 F.2d 1106, 1124.

                               8